## BOLTON v. DAILY.

1. **Evidence: ATTORNEY'S FEE.** In an action on account for legal services the plaintiff testified that, pending his employment, an agreement was made between him and his client for "more than an ordinary fee," upon the ground that the employment involved him in some complications that were compromising him in his profession: *Held*, that he might be compelled to state upon cross-examination what those complications were.

Bolton v. Daily.

*Appeal from Mahaska Circuit Court.*

SATURDAY, APRIL 20.

ACTION on account for legal services. One item of charge is five hundred dollars for services in a divorce suit. The plaintiff testified that while the case was pending, and when about two-thirds of the work was done, he desired to be relieved from the case, and that he told the defendant that he would be relieved unless he had a contract for more than an ordinary fee. He testified that at first the defendant refused to give it, but afterward agreed to. The plaintiff gave as a reason why he exacted more than an ordinary fee, that there were some complications that were compromising him in his profession, as well as otherwise. The defendant denied all agreement to give five hundred dollars as a fee. Upon cross-examination of the plaintiff as a witness in his behalf, the defendant's counsel asked him to state what the complications were that existed between him and the defendant at that time, that led to the making of the contract. To this the counsel for the plaintiff objected as immaterial, and the objection was sustained. Judgment for plaintiff. Defendant appeals.

*John F. Lacey*, for appellant.

*Lafferty & Johnson*, for appellee.

ADAMS, J.—We think that it was proper to ask the plaintiff what the complications were which constituted the alleged

1. EVIDENCE: attorney's fee.

basis for exacting what the plaintiff calls more than an ordinary fee. We understand by *more than an ordinary fee*, more than the reasonable value of the services, estimated according to the custom of charging for like services in the court in which the services were rendered. We think that where an attorney sets up an express agreement to pay such a fee, exacted of a client when the work was two-thirds done, under a threat of withdrawing from the case if

the agreement was not made, nothing but the best of reasons would be sufficient to uphold the agreement. No attorney can be permitted to take advantage of his relation to his client, and the exigency of his client's business, to exact an unconscionable agreement.

But there is still another ground upon which the cross-examination should have been allowed. There was a direct conflict between the testimony of the plaintiff and the testimony of the defendant, as to the existence of such an agreement. The plaintiff felt the necessity of supporting his testimony as to the fact of the agreement by giving a reason why such an agreement was made. The reason, as given, is a mysterious one, and far from satisfactory. It is difficult to conceive how the plaintiff could be so complicated as to justify him remaining in the case for an extraordinary fee, but not for an ordinary one. How far the reason given for the agreement supported the plaintiff's testimony, as against that of the defendant, it was for the jury to determine. The complications, then, constituting the alleged reason were, we think, a proper subject for cross-examination. In disallowing a cross-examination upon that subject we think the court erred.

REVERSED.